# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 12, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| IRMA CARMONA, *also known* | * | UNPUBLISHED |
| *as* SILVIA CARMONA, | * | |
| | * | No. 19-73V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Koorosh Shahrokh, National Choice Lawyers, Woodland Hills, CA, for Petitioner.
Sarah Christina Duncan, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 15, 2019, Irma Carmona a.k.a Silvia Carmona ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered injuries, including Guillain-Barré Syndrome ("GBS") and Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), as a result of a tetanus-diphtheria ("Td") vaccine and a measles-mumps-rubella ("MMR") vaccine she received on August 1, 2017. Petition at 1 (ECF No. 1). On December 13, 2022, the

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 85).

On June 29, 2023, Petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 90). Petitioner requests compensation in the amount of $29,279.68, representing $26,962.50 in attorneys' fees and $2,317.18 in costs. Fees App. at 3. Pursuant to General Order No. 9, counsel for Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. Respondent filed his response on July 5, 2023, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 93). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $29,181.70.

I.      DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

   a.   **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests that her counsel, Mr. Koorosh Shahrokh, be compensated at $350.00 per hour for all work performed in this case, from 2018 to 2023. This is Mr. Shahrokh's first (and to date, only) Vaccine Program case. Mr. Shahrokh was admitted to practice law in British Columbia in 1999, then upon relocating to the United States, has been licensed in California as of 2003. This would place Mr. Shahrokh's years of experience between 11 and 19 years for work performed in 2019 and 20 and 30 years of experience for work performed in 2019 to 2023 based on the OSM Attorneys' Forum Hourly Rate Fee Schedules. Although he is new to the Program, the undersigned finds the requested rate to be reasonable and shall award it herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468, at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $26,962.50.

### iii. Retainer Agreement

The materials filed in connection with the present fee request reveal that Petitioner entered into a contingency agreement with counsel setting rates for Mr. Shahrokh at $350.00 per hour. Fees App., Exhibit A. This kind of arrangement, however, while acceptable between lawyer and client outside of the Program, is wholly impermissible within the Program, where

fees and costs can only be awarded by order of the special master presiding over the case. See § 15(e)(3) ("No attorney may charge any fee for services in connection with a petition . . . which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)." (emphasis added)).

The undersigned wants to bring this to Petitioner's and counsel's attention, and also to notify counsel that attempting to recover any fees or costs that have been requested herein but not awarded by this Decision would constitute a violation of the Vaccine Act.[3] Enforcement of terms used for civil retainer agreements despite this admonition would also raise legitimate questions about counsel's ethical conduct that would have to be raised with the Court of Federal Claims.

### b. Attorneys' Costs

Petitioner requests a total of $2,317.18 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and shipping costs. The undersigned has reviewed the requested costs and find the majority of them to be reasonable, with a few exceptions where costs have not been substantiated without any supporting documentation and duplicate receipts have been included. See Fees App., Exhibit C at 9, 13, 16, 21-31 (duplicates). Documentation for all requested costs labeled as "medical records" have been included and shall be awarded in full. Petitioner requests $400.00 for the Court's filing fee and although no documentation was supplied, the undersigned will award this amount in full as it is the fee set by the Court. For "shipping" and "postage," Petitioner will be awarded only $282.91, resulting in a reduction of $97.98. See id. at 12, 14-15, 17-20. Petitioner is therefore awarded a final amount of $2,219.20 in attorney's costs.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $26,962.50 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$26,962.50** |
| | |
| Attorneys' Costs Requested | $2,317.18 |
| (Reduction of Costs) | ($97.98) |
| **Total Attorneys' Costs Awarded** | **$2,219.20** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$29,181.70** |

---

[3] A status conference was held to address this on March 12, 2024. Petitioner's counsel confirmed that he did not take any contingency fee from Petitioner's award or any other fees besides what will be awarded in this Decision.

**Accordingly, the undersigned awards $29,181.70, in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Koorosh Shahrokh.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.